IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:12CR21–HEH |
| ) | |
| CALVIN WINBUSH, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Calvin Winbush, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 75).[1] Winbush contends that he experienced ineffective assistance of counsel[2] and other deprivations in conjunction with his sentencing and appeal. Specifically, Winbush demands relief because:

> Claim One: "[I]neffective trial counsel's failure to adequately argue a Sixth Amendment violation pursuant to *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)]." (Gov't Resp. 2, ECF No. 79 (citation omitted).)[3]

---

[1] The Court employs the pagination assigned to Winbush's submissions by the CM/ECF docketing system.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] In his § 2255 Motion, Winbush raised the following claim: "Ineffective counsel failure to adequately argue Sixth Amendment violation." (§ 2255 Mot. 5 (capitalization corrected).) In his Memorandum, however, Winbush set forth various vague sub-claims of ineffective assistance of appellate and trial counsel, as well as other errors. (Mem. Supp. § 2255 Mot. 3–27, ECF No. 76.) The Government summarized Winbush's claims for relief as the six claims the Court has set forth. (Gov't Resp. 2.) Winbush appears to adopt the Government's recitation of his claims in his Reply. (Reply 1–15, ECF No. 82.) Accordingly, the Court also adopts the Government's recitation of Winbush's claims.

| | |
|---|---|
| Claim Two: | "[I]neffective trial counsel's failure to adequately argue the unconstitutional application of the United States Sentencing Guidelines Manual in this particular case." (*Id.*) |
| Claim Three: | "[A]fter *Alleyne* discretionary sentencing as prescribed by 18 U.S.C. § 3553(a) violates the Sixth Amendment." (*Id.*) |
| Claim Four: | "*United States v. Booker*[, 543 U.S. 220 (2005)] was wrongly decided where *Booker* allows discretionary sentencing prescribed by 18 U.S.C. § 3553(a)." (*Id.*) |
| Claim Five: | "[I]neffective appellate counsel's failure to adequately argue the erroneous application of the United States Sentencing Guidelines." (*Id.*) |
| Claim Six: | "[I]neffective appellate counsel's failure to adequately argue that Winbush's sentence was unconstitutional due to the district court's elevation of the base offense level not supported by a jury's unanimous finding." (*Id.*) |

The Government responded, asserting that Claims Three and Four are procedurally defaulted, and that Winbush's ineffective assistance claims lack merit. (ECF No. 79.) Winbush has filed a Reply. (ECF No. 82.) Winbush also has filed a Motion for Final Disposition (ECF No. 83), which the Court will deny as moot. For the reasons set forth below, Winbush's § 2255 Motion (ECF No. 75) will be denied.

## I.     PROCEDURAL HISTORY

On February 8, 2012, a Criminal Complaint was filed, charging Winbush with one count of aiding and abetting the interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. §§ 2423(a) & 2. (Crim. Compl. 1, ECF No. 3.) On February 21, 2012, a grand jury charged Winbush with conspiracy to transport a minor across state lines for prostitution, in violation of 18 U.S.C. § 2423(e) (Count One), and

2

aiding and abetting the interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. §§ 2423(a) & 2 (Count Two). (Indictment 1–5, ECF No. 11.) On April 12, 2012, Winbush pled guilty without a written plea agreement to Counts One and Two. (Apr. 12, 2012 Tr. 2.)

On August 14, 2012, the Court entered judgment against Winbush and sentenced him to 168 months of imprisonment on each count, to be served concurrently. (J. 2, ECF No. 62.) Winbush appealed. (ECF No. 64.) On appeal, counsel for Winbush "contend[ed] that the district court (1) erred in applying an enhancement for use of a computer, and (2) failed to explain adequately its reasons for varying upward from criminal history category II to category III." *United States v. Winbush*, 524 F. App'x 914, 915 (4th Cir. 2013) (internal citation omitted). The United States Court of Appeals for the Fourth Circuit affirmed Winbush's convictions and sentence. *Id.* at 917. The United States Supreme Court subsequently denied Winbush's petition for a writ of certiorari. *Winbush v. United States*, 134 S. Ct. 662 (2013).

## II. PROCEDURALLY DEFAULTED CLAIMS

In Claim Three, Winbush asserts that "after *Alleyne*[ *v. United States*, 133 S. Ct. 2151 (2013)] discretionary sentencing as prescribed by 18 U.S.C. § 3553(a) violates the Sixth Amendment." (Gov't Resp. 2 (citations omitted).) In Claim Four, Winbush contends that "*United States v. Booker*[,545 U.S. 220 (2005)] was wrongly decided where *Booker* allows discretionary sentencing prescribed by 18 U.S.C. § 3553(a)." (*Id.* (citation omitted).)

3

The Government correctly noted that, absent a showing of cause and prejudice or actual innocence, Claims Three and Four are barred from review here because Winbush could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Winbush contends that the ineffective assistance of appellate counsel, which is set forth in Claims Five and Six, constitutes cause to excuse his default of Claims Three and Four. (Reply 1–5.) Because the Court rejects Winbush's assertion of cause set forth in Claims Five and Six, *see infra* Part III.B, Claims Three and Four will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Ineffective Assistance of Trial Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component

requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is

5

conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Winbush's prior sworn statements as other than truthful.

In Claim One, Winbush faults counsel for "fail[ing] to adequately argue a Sixth Amendment violation pursuant to *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)]." (Gov't Resp. 2 (citation omitted).) In Claim Two, Winbush expands upon Claim One, contending that counsel "fail[ed] to adequately argue the unconstitutional application of the United States Sentencing Guidelines Manual in this particular case." (*Id.* (citation omitted).) Specifically, Winbush alleges that counsel should have argued against the Court's application of a two-level enhancement pursuant to United States Sentencing Guideline § 2G1.3(b)(3)(B), because he did not plead guilty to the enhancement and because a jury did not find that he had engaged in such behavior. (Mem. Supp. § 2255 Mot. 4–12.)

Section 2G1.3(b)(3)(B) of the Sentencing Guidelines provides that "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor, [the base offense level should be] increase[d] by 2 levels." *United States Sentencing Guidelines Manual* § 2G1.3(b)(3)(B) (U.S. Sentencing Comm'n 2011) ("USSG"). The Probation Officer determined that this enhancement should apply because Winbush's "offense involved the placement of online ads and photographs of the

minor that was working as a prostitute for the defendant." (Pre-Sentence Investigation Report ("PSR") Addendum 1, ECF No. 40.) Nia Vidal, who had been appointed to represent Winbush, objected to this enhancement. (*Id.*) Brent Jackson, who subsequently appeared on behalf of Winbush, also objected to the application of the two-level enhancement. (ECF No. 58, at 1, 4–5.) Jackson vigorously argued against the enhancement at sentencing. (Aug. 10, 2012 Tr. 54–58, ECF No. 71.) The Court overruled the objection and determined that the two-level enhancement properly applied. (Aug. 10, 2012 Tr. 66.)

Winbush now faults counsel for failing to argue that the Court's finding that he used a computer to offer or solicit others to engage in prohibited sexual conduct with a minor violates the Sixth Amendment, as set forth in *Alleyne*, because a jury did not determine that Winbush had used a computer for that purpose. In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.

Counsel did not have the benefit of the *Alleyne* decision, as *Alleyne* was decided approximately ten months after Winbush was sentenced.[4] Even if counsel had had the benefit of *Alleyne* at sentencing, Winbush would not be entitled to relief, as the two-level

---

[4] To the extent that Winbush argues that counsel was ineffective for failing to anticipate the *Alleyne* decision, "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (citations omitted). Moreover, to the extent that Winbush asserts that *Alleyne* should apply retroactively to his case, although *Alleyne* did announce a new constitutional rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (citations omitted); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).

7

enhancement had no effect on his mandatory minimum sentence. *Alleyne* "did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment." *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013) (citation omitted). Moreover, the Supreme Court had already rejected Winbush's argument approximately seven years before his sentencing, noting that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233 (2005).[5] Thus, any argument by counsel that application of the two-level enhancement under § 2G1.3(b)(3)(B) violated the Sixth Amendment would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Winbush has failed to demonstrate deficient performance of counsel or resulting prejudice, Claims One and Two will be dismissed.

### B. Ineffective Assistance of Appellate Counsel

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal.

---

[5] The United States Court of Appeals for the Fourth Circuit has indicated that "'[t]here is no conflict' between *Alleyne* and *Booker*." *United States v. Hailey*, 563 F. App'x 229, 231 (4th Cir. 2014) (quoting *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014)).

8

Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

In Claim Five, Winbush alleges that appellate counsel "fail[ed] to adequately argue the erroneous application of the United States Sentencing Guidelines." (Gov't Resp. 2 (citation omitted).) In Claim Six, Winbush expands upon Claim Five, arguing that counsel "fail[ed] to adequately argue that Winbush's sentence was unconstitutional due to the district court's elevation of the base offense level not supported by a jury's unanimous finding." (*Id.*) Specifically, Winbush contends that counsel failed to argue that this Court's application of a two-level enhancement under USSG § 4A.1.3 and a two-level enhancement under U.S.S.G. § 3B1.1 violated Winbush's rights under the Sixth Amendment. (Mem. Supp. § 2255 Mot. 22–25 (citation omitted).)

Section 4A1.3 provides that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). Section 3B1.1 provides:

> Based on the defendant's role in the offense, increase the offense level as follows:
> 
> **(a)** If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.
> 
> **(b)** If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels.
> 
> **(c)** If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by **2** levels.

USSG § 3B1.1.

The Probation Officer determined that a two-level enhancement under § 3B1.1(c) should apply, noting: "Both Sonora Armstrong and the juvenile victim were employed as prostitutes for Calvin Winbush. Winbush and Armstrong transported Sabrina Holloway and the juvenile victim, from Ohio to Richmond, Virginia, to engage in acts of prostitution. The juvenile, as well as Armstrong and Holloway, also provided their earnings to Winbush." (PSR ¶¶ 22–23.) The Probation Officer also determined that Winbush's criminal history placed him into criminal history category II. (PSR Wksht. C, at 2.) The Probation Officer noted that under U.S.S.G. § 4A1.3, "if the Court determine[d] that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history o[r] the likelihood that the defendant will commit other crimes, an upward departure may be warranted." (PSR ¶ 82.)

Prior to sentencing, the Government filed a Motion for Upward Departure or Variance. (ECF No. 55.) In the Motion, the Government argued that under § 4A1.3, "an

upward departure [was] appropriate because Winbush's criminal history category under-represents his true criminal history and his likelihood of recidivism." (*Id.* at 6 (citations omitted).) The Government asked that the Court apply a two-level increase, "resulting [i]n a criminal history category of IV." (*Id.* at 9.) Counsel for Winbush filed a response in opposition. (ECF No. 59.) Counsel also filed objections to the two-level increase under § 3B1.1(c) for Winbush's role in the offense. (ECF No. 58, at 2–4.) During Winbush's sentencing hearing, counsel argued vigorously against both the enhancement and upward variance. (Aug. 10, 2012 Tr. 54–58, 74–79.) The Court overruled counsel's objection to the two-level increase under § 3B1.1(c). (Aug. 10, 2012 Tr. 61–63.) The Court also determined that an "upward variance to Total Offense Level 31, Criminal History Category III [was] appropriate . . . ." (Aug. 10, 2012 Tr. 82.)

Winbush now faults appellate counsel for failing to argue that the Court's determination that the two-level enhancement under § 3B1.1(c) applied and that an upward variance under § 4A1.3(a) was appropriate, violated his rights under the Sixth Amendment because he neither pled guilty to these enhancements nor was found guilty of them by a jury. (Mem. Supp. § 2255 Mot. 22–27.) However, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233; *see also United States v. Cole*, 451 F. App'x 459, 460 (5th Cir. 2011) (rejecting the argument that an upward variance violated the defendant's Sixth Amendment rights because "[u]nder the advisory Guidelines regime, a sentence within

the statutory maximum that is based upon judge-found facts does not violate the Sixth Amendment" (citing *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011))). Here, the Court sentenced Winbush to a sentence that was between the mandatory minimum of ten years, and the statutory maximum of life. *See* 18 U.S.C. § 2423(a). Any argument by counsel that the Court had violated Winbush's Sixth Amendment rights would have been meritless.

In his Reply, Winbush expands on his claims, suggesting that appellate counsel was ineffective for failing to raise the arguments he now asserts in Claims Three and Four; that is, that appellate counsel was ineffective for failing to argue that "after *Alleyne* discretionary sentencing as prescribed by 18 U.S.C. § 3553(a) violates the Sixth Amendment" (Gov't Resp. 2 (citation omitted)), and that "*United States v. Booker* was wrongly decided where *Booker* allows discretionary sentencing prescribed by 18 U.S.C. § 3553(a)" (*id.* (citation omitted)). *Alleyne*, however, was decided after the Fourth Circuit affirmed Winbush's convictions and sentence.[6] Even if appellate counsel could have argued that discretionary sentencing is unconstitutional after *Alleyne*, to do so would have been to assert a meritless claim, as the *Alleyne* Court itself noted that the Supreme Court "ha[s] long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne*, 133 S. Ct. at 2163 (citing *Dillon v. United States*, 560 U.S. 817, 828–29 (2010); *Apprendi v. New Jersey*, 530 U.S.

---

[6] Again, to the extent that Winbush faults appellate counsel for failing to anticipate the *Alleyne* decision, "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens*, 66 F.3d at 1360.

12

466, 481 (2000)). Moreover, any argument by appellate counsel that *Booker* was "wrongly decided" would have been meritless, as the Fourth Circuit is "not free to overrule or ignore the Supreme Court's precedents." *United States v. Cheek*, 415 F.3d 349, 352–53 (4th Cir. 2005) (citing *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)); *see United States v. Simmons*, 380 F. App'x 323, 326 n.3 (4th Cir. 2010) (rejecting appellant's argument that "*Booker* was wrongly decided [because] *Booker* remains binding law").

Winbush has failed to demonstrate that any of these arguments he believes appellate counsel should have raised would have been stronger arguments than those counsel did present on appeal. *Bell*, 236 F.3d at 164 (quoting *Smith*, 528 U.S. at 288).[7] Because Winbush fails to demonstrate any deficiency of counsel or resulting prejudice, Claims Five and Six will be dismissed.

---

[7] On appeal, counsel argued that this Court "(1) erred in applying an enhancement for use of a computer, and (2) failed to adequately explain its reasons for varying upward form criminal history category II to category III." *United States v. Winbush*, 524 F. App'x 914, 915 (4th Cir. 2013) (internal citation omitted).

13

## IV. CONCLUSION

For the foregoing reasons, Winbush's § 2255 Motion (ECF No. 75) will be denied. Winbush's Motion for Final Disposition (ECF No. 83) will be denied as moot. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 20, 2016
Richmond, Virginia